**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114494

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Christopher Marchese, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Vital Recovery Services, Inc., <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Christopher Marchese, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Vital Recovery Services, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Christopher Marchese is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Vital Recovery Services, Inc., is a Georgia Corporation with a principal place of business in Gwinnett County, Georgia.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the debt, Defendant contacted Plaintiff by telephone on numerous occasions, including November 9, 2017 (the "November call").

14. 1-866-312-5580 is a telephone number assigned to Defendant.

15. 1-866-312-5580 is Defendant's telephone number.

16. The November call is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. The November call was made to Plaintiff's place of employment.

18. The November call was made by an individual who identified herself as an employee of Defendant.

19. Defendant's employee left a message (the "Message") on Plaintiff's voicemail at Plaintiff's place of employment.

20. The Message is a "communication" as defined by 15 U.S.C. § 1692a(2).

21. Defendant's employee stated she could be reached at 1-866-312-5580.

22. The Message stated that Defendant's employee was a debt collector.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

23. The Message stated that it was an "Important message from a debt collector."

24. Plaintiff's assistant listened to the Message.

25. Plaintiff's assistant was not previously aware of the debt.

26. Plaintiff never gave the Defendant consent to communicate with any third party in connection with the collection of the debt.

27. Plaintiff never gave the Defendant consent to communicate with Plaintiff's assistant in connection with the collection of the debt.

28. Plaintiff did not give Defendant express permission to leave messages on his office voicemail.

29. Plaintiff did not give Defendant express permission to communicate with Plaintiff's assistant in connection with the collection of the debt.

30. Defendant's conduct invaded the privacy protections afforded the Plaintiff through the FDCPA.

31. 15 U.S.C. § 1692c(b) provides that without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

32. Defendant's actions as described herein violate 15 U.S.C. § 1692c(b).

33. Plaintiff was caused embarrassment and humiliation.

## CLASS ALLEGATIONS

34. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant, attempting to collect a consumer debt, left a voicemail message for such person without taking any precautions to avoid a third party hearing the message, from one year before the date of this Complaint to the present.

35. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

36. Defendant regularly engages in debt collection.

37. The Class consists of more than 35 persons from whom Defendant, attempted to collect a consumer debt, left a voicemail message for such person without taking any precautions

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

to avoid a third party hearing the message.

38. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

39. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

40. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

41. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

   a. Certify this action as a class action; and

   b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

   c. Find that Defendant's actions violate the FDCPA; and

   d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

4

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: November 9, 2017

                                                   **BARSHAY SANDERS, PLLC**

                                                   By: _/s/ *Craig B. Sanders*_____
                                                   Craig B. Sanders, Esq.
                                                   100 Garden City Plaza, Suite 500
                                                   Garden City, New York 11530
                                                   Tel: (516) 203-7600
                                                   Fax: (516) 706-5055
                                                   csanders@barshaysanders.com
                                                   *Attorneys for Plaintiff*
                                                   Our File No.: 114494